IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alan L. Burns, #143218, | C/A No. 4:23-cv-4829-JFA-TER |
| Petitioner, | |
| vs. | **OPINION AND ORDER** |
| Warden Wallace, | |
| Respondent. | |

## I.   INTRODUCTION

Petitioner Alan Burns is an inmate in the custody of the South Carolina Department of Corrections. Petitioner, proceeding pro se, filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the petition, the Magistrate Judge assigned to this action issued an order informing the Petitioner that this action was subject to dismissal based upon the applicable statute of limitations and requesting additional information regarding the possibility of equitable tolling. (ECF No. 6). After receiving Petitioner's response, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"), which opines that the petition should be dismissed pursuant to the one-year statute of limitations. (ECF No. 12). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner filed objections on December 18, 2023. (ECF No. 20). Thus, this matter is ripe for review.

1

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court

reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.     DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 12). In response to the Report, Petitioner has set forth one objection taking issue with the Magistrate Judge's recommendation that this matter be dismissed based upon the one-year statute of limitation. This objection is addressed below.

Within the Report, the Magistrate Judge explains that the applicable one-year limitations period begins to run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the "time during which a 'properly filed' application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

With these guidelines established, the Magistrate Judge concluded that the petition was untimely when considering:

> The Petition and public court records show the following periods of untolled time:
>
> -July 5, 2016(the date the remittitur was received in the lower court on the direct appeal) to January 18, 2017 (the filing date of Petitioner's state PCR action) (197 days ran)
>
> -January 9, 2023 (the date the remittitur was received on Petitioner's appeal of the denial of his PCR action) to September 26, 2023(the *Houston v. Lack*

3

delivery date of the instant Petition) (260 days)

Accordingly, the Petitioner has 457 days of untolled time. (ECF No. 12, p. 4).

In his objection, Petitioner does not challenge the Magistrate Judge's mathematical computations, nor his conclusion that the untolled time exceeds the allotted one-year time period. Instead, Petitioner advances more of an equitable argument by pointing out that he was procedurally barred from filing a § 2254 petition before his state PCR proceedings had concluded. Therefore, Petitioner believes the elapsed time between the finalization of his state court criminal proceedings and the later filed state PCR proceedings (a total of 197 days) should not be included in the statute of limitations determination or should otherwise be tolled. However, this proposition has been flatly rejected by the Fourth Circuit Court of Appeals.

In *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000), the Fourth Circuit considered the petitioner's argument that "the one-year period does not commence *until the conclusion of state post-conviction proceedings*" with the following analysis:

> Thus, the statute provides in no uncertain terms that the one-year period within which a federal habeas petition must be filed begins at "the conclusion of *direct review*" of the judgment of conviction. 28 U.S.C. § 2244(d)(1)(A) (emphasis added). It adds, however, that the running of this period is suspended for the time that a state post-conviction proceeding "is pending." 28 U.S.C. § 2244(d)(2). We have construed a state post-conviction proceeding to include all state-court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir.1999). Upon final disposition of the state post-conviction proceeding, the running of the § 2244(d) one-year period resumes.
>
> In short, the AEDPA provides that upon conclusion of *direct review* of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are *pending* in any state court.

Thus, although the court is sympathetic to Petitioner's plight, it is not free to disregard the applicable statute of limitations. Moreover, Petitioner's objection does not offer any facts contrary

4

to the Magistrate Judge's determination that equitable tolling is not appropriate here. Accordingly, Petitioner has failed to show any error in the Report which would warrant a departure from the Report's recommendation.

IV.    CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 12). For the reasons discussed above and in the Report, the petition is dismissed with prejudice and without requiring the respondent to file a return because the petition is untimely under the one-year limitations provision of the AEDPA, 28 U.S.C. § 2244(d).

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

January 24, 2024                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."